**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KIMBERLEY WISEMAN**<br>*Plaintiff,*<br><br>**v.**<br><br>**COUNTY COMMISSIONERS**<br>**JIM SMITH, PATRICIA MILLER,**<br>**WILL JONES, BEN PERRY;**<br>**ELECTIONS ADMINISTRATOR**<br>**JARED GOLDSMITH, CERA;**<br>**COUNTY JUDGE SCOTT FELTON, et. al.**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. 6:22 CV-00945-ADA-DTG** |

## DEFENDANTS' RULE 12 (c) JOINT MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY, THE MCLENNAN COUNTY COMMISSIONERS, JARED GOLDSMITH CERA, THE MCLENNAN COUNTY ELECTIONS ADMINISTRATOR, AND THE MCLENNAN COUNTY JUDGE SCOTT FELTON, Defendants in this case, and file this their Joint Motion to Dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and show unto the Court as follows.

1. Nature of Case. Plaintiff seeks declaratory relief and an injunction:

> **…barring Defendants from using computerized equipment to administer the collection, storage, counting, and tabulation of votes in any election indefinitely until proper investigations and reconciliation of the 2020 general, 2021 special, and 2022 primaries are conducted.**

Pltff's Petition at pp. 1-2 (emphasis added). The Plaintiff seeks elections using only paper ballots hand-counted by humans. Pltff's Petition at p. 8. Boiled down to its base level the Plaintiff's argument is that computerized equipment cannot be trusted and her "constitutional rights to vote will be denied if computerized equipment is used". *Id.*

The Plaintiff/Petitioner has brought this action to prevent McLennan County from using its state and federally certified Direct Recording Electronic Machines ("DRE") in the 2022 General Election, or any election until the last three elections are investigated and reconciled. Pltff's Petition pp. 1-2. However, Plaintiff makes no factual allegation that anyone in McLennan County has been denied the right to vote by the County's DREs or that there has been any effect on McLennan County elections, or manipulation of votes, by hackers, foreign saboteurs, or others due to the use of the DREs. Basically, all that is pleaded is conjecture and speculation, and even that is pleaded in a conclusory manner that does not meet the *Iqbal/Twombly* standard.

2. Plaintiff Lacks Standing. Article III requires a concrete injury in fact. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 573-74 (1992). Generalized grievances held by the public at large do not state Article III standing. In Plaintiff's Petition she selectively cites from *Andrade v. NAACP of Austin*, 354 S.W. 3d 1 (Tex. 2011). In that case the Texas Supreme Court held that the plaintiffs had standing for an Equal Protection claim, but thereafter denied the Equal Protection claim. *Id.* at pp.7-15. The *Andrade* Court denied all of the plaintiff's other constitutional and statutory claims based on lack of standing or non-justiciability. *Id.* at 14-18. As to the Equal Protection Claim *Andrade* is persuasive authority on standing but does not bind this Court. In *Hotze v. Hudspeth*, the plaintiffs argued that "drive-thru voting hurt the integrity of the election process." The Fifth Circuit held that this was too general to suffice. 16 F. 4th 1124 n.2. *See also Lance v. Coffman*, 549 U.S. 437, 442 (2007) (an "alleged injury based solely on an allegation that

the law has not been followed amounts to an undifferentiated, generalized grievance about the conduct of government insufficient to establish standing."). The entirety of Plaintiff's generalized allegations are that election laws have not been followed by the government.

In addition, the Plaintiff's claims are merely conjectural rather than actual, and are not imminent. The complaint is solely a collection of conclusory and speculative assertions. This fails to establish an actual harm that can support Article III standing. Again, Plaintiff makes no factual allegation that anyone in McLennan County has been denied the right to vote by the County's DREs or that there has been any manipulation of McLennan County elections by hackers, foreign saboteurs, or others because of the DREs. *Andrade*, 354 S.W. 3d at 15 ("All voting systems are subject to manipulation, but there is no evidence or allegation that the eSlate has ever been manipulated in any Travis County election."). eSlate is the voting system in this case.

3. <u>Mere Use of DREs for Elections Does Not Give Rise to Constitutional Violations</u>.

Plaintiffs' assertion is that the mere use of DREs denies her right to vote. Pet. At p. 8.

The test for whether a "restriction" complies with the Constitution is whether the restriction imposes only "reasonable and non-discriminatory restrictions" upon First and Fourteenth Amendment rights. If so, the state's important regulatory interests are generally sufficient to justify the restrictions. *Burdick v. Takusi*, 112 S. Ct. 2059, 2063-64 (1992).

DREs have been repeatedly upheld against constitutional challenges as being reasonable and non-discriminatory restrictions justified by the state's important regulatory interests:

*Andrade* 345 S.W. 3d at pp. 13-14 (DREs did not violate Equal Protection);

*Tex. Democratic Party v. Williams*, 285 Fed. Appx. 194, 195 (5th Cir. 2008), cert denied, 555 U.S. 1100 (2009) (affirming summary judgment for the Texas Secretary of State in case involving allegations that eSlate deprived voters of Equal Protection and Due Process);

*Wexler v. Anderson*, 452 F. 3d 1226, 1233 (11th Cir. 2006) (no violation of Equal Protection);

*Weber v. Shelly*, 347 F. 3d 1101, 1107 (9th Cir. 2003);

*Favorito v. Handel*, 684 S.E. 2d 257 261-62 (Ga. 2009);

*Schade v. Md. State Bd. Of Elections*, 930 A. 2d 304, 328 (MD 2007) (preliminary injunction correctly denied as state board of elections acted reasonably in certifying DREs that lacked a paper trail); and

*Gusciora v. Corzine*, 2010 N.J. Super. LEXIS 2319*332-33 (N.J. Super. Ct. Law Div. 2010) (holding that certification of state's DREs did not violate voters' Equal Protection or Due Process rights).

The Plaintiff has pleaded nothing factual that would even allege the use of McLennan County's DREs to be an unreasonable restriction on her constitutional rights and has failed to state a claim under the First or Fourteenth Amendments, or any other constitutional right. Conclusory and speculative allegations will not suffice. Again, Plaintiff makes no factual allegation that anyone in McLennan County has been denied the right to vote by the County's DREs or that there has been any effect on McLennan County elections by hackers, foreign saboteurs, or others because of the DREs. *Andrade*, 354 S.W. 3d at 15 ("All voting systems are subject to manipulation, but there is no evidence or allegation that the eSlate has ever been manipulated in any Travis County election.").

4. Certification of eSlate Violated No Laws and Was Constitutional. Much of Plaintiff's case attacks the decision of the Texas Secretary of State in certifying the eSlate system. However, the Texas Secretary of State ***is not a party*** to Plaintiff's action but would seem to be an ***indispensable party***. However even assuming that the Texas Secretary of State is not an indispensable party, the propriety of the Texas Secretary of State's actions has already been determined. *Texas Democratic Party v. Williams*, 2007 W.L. 9710211 (W.D. Tex. 2007), approved by *Texas Democratic Party v. Williams,* 285 Fed. Appx. 194 (5th Cir. 2008), *cert. denied* 555 U.S. 1100 (2009). "The unfortunate reality is that the possibility of electoral fraud [and undervotes] can never be completely eliminated, no matter what type of ballot is used. **However, it is the job of democratically-elected representatives to weigh the pros and cons of various balloting systems. So long as their choice is reasonable and neutral, it is free from judicial second-guessing.**" *Id.* at p. 5 (quoting *Weber v. Shelley*, 347 F. 3d 1101 (9th Cir. 2003). (emphasis added). **"Here, the Secretary of State of Texas made a reasonable and non-discriminatory choice to certify the eSlate voting machines for use in elections, and nothing in the Constitution forbids this choice."** *Id* at p. 5 (emphasis added). *See also Andrade*, 345 S.W. 3d at 14 ("The Secretary made a reasonable, nondiscriminatory choice to certify the eSlate…").

5. Pleading Standard Not Met. The Plaintiff's Petition is devoid of any allegations regarding any issues with the McLennan County equipment or its past elections. The Plaintiff's allegations of the vulnerabilities of electronic voting systems to cyber-attacks, hackers, and enemy foreign nations are conclusory and speculative and therefore cannot meet the *Iqbal/Twombly* standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Conclusory and speculative allegations lack facial plausibility. *Iqbal*, 556 U.S. at 678. Merely raising the specter of misconduct is insufficient. *Id.* at 679. The Court cannot "accept as

true conclusory allegations or unwarranted deductions of fact." *Collins v. Stanley Morgan Dean Witter*, 224 F.3d 496,498 (5th Cir. 2000). Speculative allegations are also not entitled to the presumption of veracity. *Id.* at 498. Allegations must factually allege more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 679.

Plaintiff's allegations are speculative and conclusory and therefore are not entitled to the presumption of truth, or any unwarranted factual deductions. Plaintiff's allegations lack facial plausibility. *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff's allegations do not allege any more than the mere possibility of misconduct, and even that is conclusory and speculative. Plaintiff admits to the speculative nature of her allegations herself by the very nature of the relief she seeks. *She seeks to investigate the last three elections for misconduct before any more elections are held using DREs.*

*Iqbal/Twombly* does not allow a plaintiff to merely throw out allegations and then look for support for them after the fact. Plaintiff's action should be dismissed for failure to meet the *Iqbal/Twombly* standard.

6. <u>Not Entitled to Relief Under Cited Statutes</u>. The references to Texas Election Code sections are for the most part irrelevant, but more importantly the case law precludes the Plaintiff from any relief under these sections. *Andrade v. NAACP of Austin*, 345 S.W. 3d at 17-18 (holding that plaintiffs were without standing to assert the Election Code provisions). *See Also Bickham v. Dallas County*, 612 S.W. 3d 663 (Tex. App.---Dallas 2020, pet. denied) (no standing to assert Election Code provisions).[1]

[1] In addition, if there were any violations of these statutes they would be violations of state law, not federal law, and would not support Plaintiff's Section 1983 action as is attempted to be pleaded.

The same standing argument would apply to the federal statutes cited. Furthermore, there is no private cause of action for violation of the cited federal statutes because they are either penal in nature or specify government action as the remedy. Such statutes cannot support a private cause of action. *Gill v. Texas*, 153 Fed. Appx. 261, 262-64 (5th Cir. 2005); *Northeast Ohio Coalition for the Homeless v. Husted*, 837 F. 3d 612, 630 (6th Cir. 2016); *Gorelik v. W.C.A.B.*, 108 F. 3d 337, 1 n.1 (9th Cir. 1997); *Bowling v Dahlheimer*, 2019 W.L. 4463466*3 n.2 (E.D. Tex. 2019), adopted by 2020 W.L. 5369984 (E. D. Tex. 2020). For example:

Plaintiff cites 52 U.S.C. § 20511 (2)(a)(b), 52 U.S.C. § 1001, 28 U.S.C. § 1943. But none of these statutes create a private civil cause of action. 52 U.S.C. § 10101 is entitled "Criminal penalties" and provides that a person who engages in the conduct prohibited therein "shall be fined in accordance with Title 18 …." Title 18 of the United States Code defines federal crimes and "provide[s] no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Gill v. Texas*, 153 F. App'x 261, 262-64 (5th Cir. 2005) (per curiam) (noting the same and, further, that a private citizen "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statues"). 52 U.S.C. § 10101 provides that "the Attorney General may institute for the United States … a civil action or other proper proceeding for preventive relief," but does not permit private rights of action. *Northeast Ohio Coalition for the Homeless v. Husted*, 837 F.3d 612, 630 (6th Cir. 2016).

18 U.S.C. Section 254 confers no rights-it is a criminal statute that concerns voter intimidation or interference. *See*, 18 U.S.C. 245(b); *Williams v. Tri-Cty. Cmty. Cent.*, 452 F. 2d 221, 223, fn 3 (5th Cir. 1971). Further, it does not authorize a private right of action. *Id.*; *Merritt v. Franco*, No. 2:19-cv-175-Z-BR, 2020 WL 2454228 at *4 (N.D. Tex. April 8, 2020).

Plaintiff claims that the Defendants violated her rights under 52 U.S.C. § 20511. Section 20511 provides only for criminal penalties; it does not expressly provide for any civil remedies. That is unsurprising, as federal criminal statutes do not afford civil remedies. *Gill v. Texas*, 153 Fed. App'x 261, 262-64 (5th Cir. 2005) (per curiam).

As this Court has held, HAVA does not provide a private cause of action and will not support declaratory or other relief. *Morales-Garza v. Lorenzo-Giguere*, 277 Fed. Appx. 444, 446 (5th Cir. 2008); *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 572 (2004); *Latinos for Trump v. Sessions* 2021 W.L. 272215*2 (W.D. Tex. 2021).

Plaintiff's allegations of violations of state and federal statutes should be dismissed for failure to state a claim.

7. Claim for Declaratory Relief Not Stated as There is No Underlying Cause of Action. The foregoing paragraphs of this Motion are incorporated herein. Plaintiff seeks declarations under the Texas Declaratory Judgment Act, Chapter 37 of the *Texas Civil Practice & Remedies Code*. However, the Texas D.J.A. is not applicable in federal question cases before federal courts. *Bank One Texas, N.A. v. Patterson*, 121 F. 3d 704*1 (5th Cir. 1997). But regardless of whether the Federal Declaratory Judgment Act or the Texas Declaratory Judgment Act applies, the same result would be reached. Both are procedural in nature and neither create any new substantive rights. *Housing Auth. of the City of Harlingen v. Valdez,* 841 S.W. 2d 860, 864 (Tex. Civ. App.---Corpus Christi 1992, writ denied); Schilling v. Rogers, 363 U.S. 666, 667 (1960); *Sid Richardson Carbon & Gasoline Co. v. Interenergy, Ltd.*, 99F. 3d 746, 753 n. 3 (5th Cir. 1996). A request for declaratory relief is not a substantive claim, but rather a procedural remedy tied to an existing substantive claim. *Id.* "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas County*, 805 F. Supp. 2d 322, 339

(S.D. Tx. 2011). **A party seeking declaratory relief must have an underlying cause of action.** *Collin County, Texas v. Homeowners Assoc. for Values Essential to Neighborhoods*, 915 F. 2d 167, 170 (5th Cir. 1990).

As set forth above, Plaintiff has failed to state a claim on her substantive actions. Therefore, her claim for declaratory relief necessarily fails because she has no underlying cause of action and should be dismissed.

8. Claim for Injunctive Relief Not Stated as There is No Underlying Cause of Action. The foregoing paragraphs of this Motion are incorporated herein. Just like declaratory relief, an injunction is a remedy and not a substantive claim. *Horne v. Time Warner Operations, Inc*, 119 F. Supp. 2d 624, 630 (S.D. Miss. 1999), aff'd, 228 F. 3d 408 (5th Cir. 2000). "A claim for injunctive relief does not stand alone, but requires a viable underlying legal claim." *Id.* at 630. *See also Duarte v. City of Lewisville*, 136 F. Supp. 3d 752, 791 (E.D. Tex. 2015) (same). If the Court determines that there "is no unconstitutional action, there is no deprivation and [the plaintiff] is not entitled to injunctive relief." *Duarte*, 136 F. Supp. 3d at 791.

As shown above, all of the Plaintiff's underlying causes of action fail, and therefore her request for injunctive relief should be dismissed/denied.

9. Other Reasons that Plaintiff's Request for Injunctive Relief Must Fail. The failure to state a viable underlying cause of action should be sufficient to dismiss Plaintiff's request for injunctive relief; but there are other reasons that the Plaintiff's requested injunctive relief is unavailable:

9.1 Timing.

In the context of elections, the timing of the request for injunctive relief and the effect that it would have on the election must be taken into consideration. That is, the proximity of the forthcoming election and the mechanics and complexities of election laws must be considered. *Reynolds v. Sims*, 377 U.S. 533, 585 (1964). *See also Veasey v. Perry*, 769 F.3d 890 (5th Cir. 2014) (stay of injunction, even where subject law was struck down, warranted due to proximity to election); *Texas Democratic Party v. Abbott*, 961 F, 3d 389 (5th Cir. 2020) (stay of injunction because of confusion that would be caused to election workers and voters in upcoming election); *The Hispanic Leadership Fund, Inc. v. Walsh*, 2012 W.L. 12888008 (N.D.N.Y. 2012) (delay in bringing action for injunction until shortly before election justified denial of requested injunctive relief claiming unconstitutional application of election statutes); *Grogan v. Graves*, 1990 W.L. 182373 (D. Kansas 1990) (Statutes under attack had been in place for years. Election preparations were underway, and an injunction would at best create voter confusion, disruption of the election, and place unreasonable demands on local election officials, and at worst could delay the election. Plaintiffs NOT entitled to preliminary injunctive relief).

The Texas Supreme Court has recently held that mandamus relief was not available to objectors who brought their case after preparations for the 2022 Primary Election were already underway. *Khanoyan v. Lugo*, 637 S.W. 3d 762, 764-69 (Tex. 2022). The Court was very clear that an elections case must be brought at a time when the requested relief would not interfere with election preparations or delay the election. *Id.*

The *Khanoyan* case is on point with the case at hand. Plaintiff did not file or serve this action until preparations for the 2022 General Election were well underway. In addition, granting the relief requested by Plaintiff would delay the election; create significant burdens on those in charge of carrying out the election, and cause voter confusion. As shown by the Court's own

record, Plaintiff did not file her suit until August 8, 2022 and did not serve it until September 1, 2022. Given the complexities of modern elections it is common sense that an injunction at this point would have adverse effects.[2]

9.2 Balancing of Harms. The foregoing paragraphs are incorporated herein. Federal court orders impacting elections may themselves result in uncertainty and hardship for voters, candidates and election officials. *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). "As an election draws closer, that risk will increase". *Id*. at 5. In this case the harms to the voters, candidates, and election officials substantially outweigh the speculative and conclusory assertions of the Plaintiff. If the requested injunctive relief were to be granted, it is clear that the 2022 General Election would have to be delayed. Plaintiff cannot even identify an instance of her speculative assertions occurring in a McLennan County election.

9.3 The Granting of Injunctive Relief Would Disserve the Public Interest. The foregoing paragraphs are incorporated herein. Injunctive relief that would leave the preparation for the 2022 General Election in shambles and interfere with the election would disserve the public interest. It would effectively deny voters of their right to vote. Further, the public funds and resources spent on election machines, training, and preparation for the election would be lost. Disruption of the election process is rarely in the public interest; and the Plaintiff's conclusory and speculative allegations in this case certainly would not justify disrupting the election.

9.4 No Substantial Likelihood of Success on the Merits. The foregoing paragraphs are incorporated herein. The primary complaint about the eSlate DRE in Plaintiff's Petition is that it

[2] The Supreme Court "has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Cmte. v. Democratic Nat'l Cmte*., 140 S.Ct. 1205, 1207 (2020) (*citing Purcell v. Gonzalez*, 549 U.S. 1 (2006).

should not have been certified by the Texas Secretary of State and that electronic machines are vulnerable to cyberattacks, including by enemy foreign nations, etc. The HART Intercivic eSlate DRE used by McLennan County "is one of a handful of DREs the (Texas) Secretary has certified." *Andrade v. NAACP of Austin*, 345 S.W. 3d 1, 5-6 (Tex. 2011). As set out above, the Hart Intercivic eSlate DRE and similar machines have been upheld by courts sitting in Texas and across the Country against the same constitutional and statutory allegations and arguments put forth by the Plaintiff. Plaintiff has no substantial likelihood of success on the merits.

9.5 <u>No Imminent, Irreparable Injury Stated.</u>

Furthermore, Plaintiff's speculation in her Petition will not support a finding of imminent and irreparable harm as required for the Plaintiff's request for injunctive relief. *Higgins v. Lumpkin*, 2022 W.L. 1517039*1 (5th Cir. 2022); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F. 2d 992,997 (5th Cir. 1985) ("Speculative injury is not sufficient [to show irreparable harm]"); *Switzer v. Johnson*, 78 Fed. Appx. 941*1 (5th Cir. 2003) (same).

To establish a threat of immediate, irreparable harm absent an injunction, speculative injury is not sufficient; unfounded or unsupported fear is not a basis for an injunction. *Daniels Health Sciences, LLC v. Vascular Health Sciences, LLC*, 710 F.3d 579, 585 (5th Cir. 2013). Speculation fails to warrant injunctive relief. *Moore v. Tangipahoa Parrish Sch. Dist*., 507 Fed. Appx. 389, 398-99 (5th Cir. 2013).

Again, Plaintiff pleads no specific facts as to the past operation of McLennan County's DREs or past elections in McLennan County that were somehow tainted by these "threats." Rather, she makes highly conclusory, speculative assertions that the machines and elections are vulnerable to manipulation, hacking, cyber-attacks, and foreign meddling and that if the DREs are used her

right to vote will be denied. This is insufficient to state immediate and irreparable harm, which is a necessary element of her request for injunctive relief.

WHEREFORE, Defendants respectfully request that their Joint Motion to Dismiss be GRANTED, and that the Plaintiff's suit be dismissed in all respects with prejudice.

Respectfully submitted,

HALEY & OLSON, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Telecopier: (254) 776-6823

By: */s/ Michael W. Dixon*
MICHAEL W. DIXON
State Bar No. 05912100
Email: mdixon@haleyolson.com
HERBERT S. BRISTOW
State Bar No. 03020500
hbristow@haleyolson.com

Attorneys for Defendants/Respondents

## CERTIFICATE OF SERVICE

I certify that on September 14, 2022, a true and correct copy of the above and foregoing was served upon the following parties in accordance with the Texas Rules of Civil Procedure.

Kimberly Wiseman
419 Barron Lane
Axtell, Texas 76624
***Certified Mail***

/s/ *Michael W. Dixon*
MICHAEL W. DIXON