**FILED**
October 03, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: lad
DEPUTY

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION**

KIMBERLY WISEMAN
*Petitioners,*

CAUSE No.6;22-CV-945

v.

COUNTY COMMISSIONERS JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY; ELECTIONS ADMINISTRATOR JARED GOLDSMITH, CERA; COUNTY JUDGE SCOTT FELTON
*Respondents.*

**PETITIONER'S RESPONSE TO RESPONDENTS' NOTICE OF REMOVAL AND MOTION TO REMAND**

*TO THE HONORABLE DISTRICT COURT,*

The Respondents, COUNTY COMMISSIONERS JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY, ELECTIONS ADMINISTRATOR JARED GOLDSMITH AND COUNTY JUDGE SCOTT FELTON, removed state cause

2022-2685-3 from the 74th Judicial District Court of the State of Texas pursuant to 28 U.S.C. § 1441 AND 1446. Petitioner responds and motions the following:

# Table of Contents

**STATEMENT OF THE CASE** ........ 3
**FEDERAL QUESTION** ........ 3
**RESPONDENTS REMOVAL TO FEDERAL** ........ Error! Bookmark not defined.
**MOTION FOR REMAND** ........ 6
**CONCULSION AND PRAYER** ........ 7

# TABLE OF AUTHORITIES

***Cases***

College Sav. Bank, 527 U.S. at 675-76, 119 S.Ct. at 2226 ........ 5
Embury v. King, 361 F.3d 562, 564-65 (9th Cir. 2004) ........ 5
Haddad v. Fromson, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001) ........ 5
Jenkins v. McKeithen, 395 U.S. 411, 411, 421 (1959) ........ 6
Picking v. Pennsylvania R. Co., 151 F.2d 240 (3d Cir. 1945) ........ 6
Pittman v. State, CV 05-509-BR, at *6 (D. Or. Aug. 8, 2005) ........ 5
Puckett v. Cox 456 F.2d 233 (1972) ........ 6
Trs. of Purdue Univ. v. Vintage Brand, LLC, 541 F. Supp. 3d 868 (N.D. Ind. 2021) ........ 5

***Statutes***

TEX. CIV. PRAC. & REM. CODE § 37.003 ........ 4
TEX. CIV. PRAC. & REM. CODE § 37.004 (a)(b) ........ 4
TEX. CIV. PRAC. & REM. CODE § 65.011 ........ 4
TEX. ELEC. CODE Chap. 273 ........ 4
TEX. ELEC. CODE Chap. 65 ........ 3, 4

***Constitutional Provisions***

TEX. CONST. art. I § 3 ........ 4
TEX. CONST. art. I § 13 ........ 4
TEX. CONST. art. I § 17 ........ 4
TEX. CONST. art. I § 19 ........ 4
TEX. CONST. art. VI § 2 ........ 4
TEX. CONST. art. VI § 4 ........ 3

## STATEMENT OF THE CASE

1. U.S.C. AMEND I; U.S.C. AMEND. XIV; U.S.C. AMEND. XV; 52 U.S.C. Section 10307(a); 18 U.S.C. Section 245; U.S.C. AMEND XIII Section 1; U.S.C. AMEND. X; 52 U.S.C. Section 20701; Dec. of Ind. And Preamble to the U.S.C.; Section 231(b) of the Help America Vote Act (HAVA) of 2002 (42 U.S.C. Section 15371 (b)); 42 U.S.C. Section 1985; 42 U.S.C. Section 1986; 28 U.S.C. Section 1367; GUARANTEE CLAUSE; 52 U.S.C. 20971; Due Process Clause; Equal Protection Clause; Right to Vote Clause of the Fifteenth Amendment; 18 U.S.C. Section 245 (1)(a); Enforcement Clause of the Fifteenth Amendment; 52 U.S.C. Section 20511(2)(a)(b); 42 U.S.C. Section 1983; 28 U.S.C. Section 1331dp; 18 U.S.C. 245; 42 U.S.C. Section 1983vp; 28 U.S.C. 1985; 28 U.S.C. 1331vc; 52 U.S.C. Section 10101; 28 U.S.C. 1943; 28 U.S.C. Section 2201 and 28 U.S.C.1746.

## FEDERAL QUESTION

2. Petitioners sought a Declaratory Order that the Respondents adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency. This is to require hand-marked paper ballots that can be cast with anonymity, following all Texas state election

laws, and hand-counted by residents of the state of Texas, not machines as Texas Election law specifies. (TEX. CONST. art. VI § 4 and TEX. ELEC. CODE Chp. 65).

3. Additionally, Petitioners sought redress for the abuse and devastation of our Constitutional rights and protections arising under Article I, Section 3 of the Texas Constitution (Equal Protection); Article I, §§ 17 and 19 of the Texas Constitution (Due Process); TEX. GOV. CODE § 24.011; and the Texas Election Code by our elected officials.

4. Petitioners call into question the validity of the votes cast in the November 2020 general election and all elections in McLennan County going forward because the electronic voting system utilized in those elections were improperly certified.

5. The state court has concurrent jurisdiction with federal court regarding constitutional questions. Petitioner used both state and federal statutes and constitutional provisions as much of the State of Texas statutes and constitutional law parallels the federal; in addition to the Respondents' claims, Petitioner also brought the cause of action under TEX. CIV. PRAC. & REM. CODE §§ 37.003, 37.004 (a)(b), 65.011, TEX. CONST. art. VI § 2, TEX.

CONST. art. I §§ 3, 13, 17 and 19, as well as a multitude of Texas Election Code including Chapters 65 and 273.

6. Upon initiating the Petition, Petitioner sent Notice of Suit and a request for Preservation of Records to Respondents in regards to preserving evidence for pending litigation. In spite of this, Respondents have indicated no agreement for the preservation of records from the 2020 general election.

7. Petitioner attempted to schedule a hearing for the case multiple times via phone and email while the court played "Hot Potato" with the case.

8. Issuance of Citations was slow walked causing delay in service to Respondents.

9. Respondents' removal establishes their opposition to transparent, free and fair elections, and to preserving the evidence of the previous elections (since 2020 as complained about in the Petition).

10. In filing their Notice of Removal and assertions for removal, the Respondents waive their right to any defenses or objections they may have to this action – including immunity and indemnification: *See College Sav. Bank*, 527 U.S. at 675-76, 119 S.Ct. at 2226. *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001). *Embury v. King*, 361 F.3d 562, 564-65 (9th Cir. 2004). *Pittman v. State*, CV 05-509-BR, at *6 (D. Or. Aug. 8, 2005). *Trs. of Purdue Univ. v. Vintage Brand*, LLC, 541 F. Supp. 3d 868 (N.D. Ind. 2021).

## MOTION FOR REMAND

1. Pro se pleadings are to be considered without regard to technicality, and "where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities." *Jenkins v. McKeithen*, 395 U.S. 411, 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 F.2d 240 (3d Cir. 1945); *Puckett v. Cox* 456 F.2d 233 (1972).

2. Petitioners' petition may not be up to legal par, but the case presents sufficient questions of law and matters of justice important to the State of Texas due to weight of the facts, merits, and constitutional violations on the part of the Respondents.

3. The intent behind Petitioners' cause of action is to bring transparency, fairness, honesty, and quality to Texas elections and to hold responsible those government officials who violate the equal protection and due process rights of Petitioners (and all Texas citizens) guaranteed by the Texas Constitution.

4. Petitioners sought redress under Texas law only. Petitioner need not, and did not, seek redress under any federal law. Petitioner demonstrated the likeness of state and federal law.

5. Petitioners (and all Texas citizens) have a fundamental legal right to the clearly established principles of election equality, integrity, accurateness, honesty, and justice.

6. Respondents' strategy appears to be another delay tactic to prevent the release of contracts and Petitioners from assessing open records, which causes further deprivation of constitutionally and federally protected rights.

7. Time is of the essence in preserving the 2020 election records, and Respondents avoided the pending injunction by removing this case to federal court: wasting the precious time necessary for preservation and obstructing the law and Petitioner's constitutionally protected rights.

8. Respondents would rather sacrifice their protected status than conduct open, free and fair elections.

## CONCULSION AND PRAYER

In the interest of justice, Petitioner requests that this Court deny Respondents removal of this cause into federal court, and Petitioner prays for immediate remand back to state court to allow for permanent emergency relief. Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of any attorneys' fees and costs to Petitioners.

Respectfully submitted this 23rd day of September 2022.

By: /s/ *Kimberly Wiseman*
Kimberly Wiseman
419 Barron Ln., Axtell, TX 76624
(760) 525-7493
kimwiseman522@gmail.com
*Pro se*

**Kimberly Wiseman**

**419 Barron Ln**

**Axtell, TX 76624**

**(760) 525-7493**

**kimwiseman522@gmail.com**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION**

KIMBERLY WISEMAN
*Petitioners,*

No. 6:22-CV-945

v.

COUNTY COMMISSIONERS JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY; ELECTIONS ADMINISTRATOR JARED GOLDSMITH, CERA; COUNTY JUDGE SCOTT FELTON
*Respondents.*

**PROPOSED ORDER TO PETITIONER'S MOTION TO REMAND**

This matter came before the Court's consideration through Petitioners' Response to Respondents' Removal and Motion to Remand and after consideration of the merits the Court finds the Motion to Remand should be GRANTED.

Further, this Court GRANTS such other and further relief as may be just, equitable, and proper including without limitation, an award of any attorneys' fees and costs to Petitioners.

Signed______________, 2022, at __________, Texas

______________________________________

Western Federal District Court

Waco, Texas Division