**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KIMBERLEY WISEMAN** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COUNTY COMMISSIONERS** | § | **CAUSE NO. 6:22 CV-00945-ADA-DTG** |
| **JIM SMITH, PATRICIA MILLER,** | § | |
| **WILL JONES, BEN PERRY;** | § | |
| **ELECTIONS ADMINISTRATOR** | § | |
| **JARED GOLDSMITH, CERA;** | § | |
| **COUNTY JUDGE SCOTT FELTON, et. al.** | § | |
| ***Defendants.*** | § | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY, THE MCLENNAN COUNTY COMMISSIONERS, JARED GOLDSMITH CERA, THE MCLENNAN COUNTY ELECTIONS ADMINISTRATOR, AND THE MCLENNAN COUNTY JUDGE SCOTT FELTON, Defendants in this case, and file this their Joint Response to Plaintiff's Motion to Remand, and show unto the Court as follows.

1. Plaintiff's "Statement of the Case". Plaintiff's "Statement of the Case" gives a glimpse of the true nature of her lawsuit, which alleges purported state and federal claims and seeks redress for both.

2. Assertion that Plaintiff Only Seeks Redress for State Law Violations.

2.01 Plaintiff's Assertion. Plaintiff asserts that she only seeks redress for state law violations, but this conflicts with her Petition. This is incorrect for several reasons set forth below, including the content of her concurrent filings in this case.

2.02 The Content of Plaintiff's Petition. Plaintiff claims violations of provisions of the United States Constitution and §§ 1983-1986 along with alleged violation of numerous other federal statutes. In various places in the Petition, the Plaintiff seeks redress for federal violations, as a few examples see:

p. 49 "This brings us here today as we seek redress of our 1st, 14th and 15th amendment rights under 42 U.S.C. §1983…";

p. 50 Count I includes 42 U.S.C. §1983 and the 1st, 14th and 15th amendments;

p. 51 1st, 14th and 15th amendments:

"such deprivation violates the First, Fourteenth and Fifteenth Amendments of the United States Constitution, thereby depriving Petitioners guaranteed civil rights in regard to casting a 'legal' vote.";

p. 52 § 1983, the 14th amendment and 18 U.S.C. §245;

p. 53 "This includes the ability to pursue our First Amendment rights to legal elections… in violation of both state and federal laws."

p.54 Federal Voting Rights Act, 1st and 14th amendments, §1983

p. 55 28 U.S.C. § 2201, illegal certification under state and federal election laws; and

p. 57 Seeking a declaration that, "DECLARES that the approvals and the actions taken by Respondents are in violation of the Constitution and contrary to the laws of the United States and the State of Texas." In addition, a number of requests for declaratory relief are not limited to state law and, therefore, rely on the Plaintiff's entire Petition.

2.03 Assertions in Concurrently Filed Response to Motion to Dismiss Belie Plaintiff's Argument. Plaintiff filed concurrently with her Motion to Remand her Response to the

Defendants' Joint Motion to Dismiss pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. *See* Doc. 6.

The assertions in the Response include the following headings:

- P. 25 "Petitioner Alleges Facts for First Amendment Violation;"
- P. 27 "Petitioner Alleges Facts for Fourteenth Amendment Violation;"
- P. 28 "Petitioner Alleges Facts for Fifteenth Amendment Violation."

As can be seen Plaintiff **IS** seeking redress of federally protected rights. In fact, the majority of the Response refers to federal rights.

3. Federal Questions Required to be Determined. Plaintiff repeatedly seeks redress under 42 U.S.C. Section 1983. Section 1983 is not a stand-alone cause of action and requires a violation of the Plaintiff's underlying *federally protected* rights. *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004). Therefore, to address the likelihood of success/statement of a claim on the Section 1983 claims, federal questions on the alleged violations of the United States Constitution and federal laws must be determined.[1]

4. Defendants Have Not Waived Anything by Removal. Plaintiff appears to be under the assumption that Defendants have waived all defenses and objections by removal of this case to federal court. She relies on 11th Amendment cases. However, the 11th Amendment does not apply to the County or its employees/officers. There is no support for Plaintiff's assertion.

WHEREFORE, Defendants respectfully request that this Court DENY the Plaintiff's Motion to Remand and that this Court retain jurisdiction over this action, including, pursuant to 28 U.S.C. § 1367, supplemental jurisdiction over Plaintiff's state law allegations.

[1] Furthermore, most of the cases cited in Plaintiff's Motion to Remand regarding substantive rights are federal cases.

Respectfully submitted,

**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Telecopier: (254) 776-6823

By: */s/ Michael W. Dixon*
MICHAEL W. DIXON
State Bar No. 05912100
Email: mdixon@haleyolson.com
HERBERT S. BRISTOW
State Bar No. 03020500
hbristow@haleyolson.com

***Attorneys for Defendants/Respondents***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's CM/ECF system and/or Rule 5 of the Federal Rules of Civil Procedure, on the 6th day of October 2022.

*/s/ Michael W. Dixon*
MICHAEL W. DIXON