**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KIMBERLEY WISEMAN** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **COUNTY COMMISSIONERS** | § | **CAUSE NO. 6:22 CV-00945-ADA-DTG** |
| **JIM SMITH, PATRICIA MILLER,** | § | |
| **WILL JONES, BEN PERRY;** | § | |
| **ELECTIONS ADMINISTRATOR** | § | |
| **JARED GOLDSMITH, CERA;** | § | |
| **COUNTY JUDGE SCOTT FELTON, et. al.** | § | |
| ***Defendants.*** | § | |

**<u>DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY, THE MCLENNAN COUNTY COMMISSIONERS, JARED GOLDSMITH CERA, THE MCLENNAN COUNTY ELECTIONS ADMINISTRATOR, AND THE MCLENNAN COUNTY JUDGE SCOTT FELTON, Defendants in this case, and file this their Joint Reply in Support of Motion to Dismiss which replies to Plaintiff's Response to Motion to Dismiss [Doc. 6], and show unto the Court as follows.

1. <u>Nature of Case</u>. Plaintiff seeks relief "barring Defendants from using computerized equipment to administer the collection, storage, counting, and tabulation of votes in any election indefinitely until proper investigations and reconciliation of the elections for 2020 general, 2021 special and 2022 primaries are conducted." See Pet. Pp.1-2.

2. <u>Standard Applicable</u>. The Plaintiff cites to the pre-*Iqbal/Twombly* standard for motions to dismiss. Specifically, she asserts that a complaint may not be dismissed unless it is

clear that there is no set of facts that could be proved from the allegations that would support the relief requested. Resp. at p 12. The *Iqbal/Twombly* plausibility test applies. Applying that test to Plaintiff's Petition clearly shows that the plausibility standard has not been met.

The Plaintiff's allegations of the vulnerabilities of electronic voting systems to cyber-attacks, hackers, and enemy foreign nations are conclusory and speculative and therefore cannot meet the *Iqbal/Twombly* plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Furthermore, NONE of these allegations address past alleged interference with McLennan County elections; nor do they address if McLennan County's DREs are even connected to the internet, which they are not.

Conclusory and speculative allegations lack facial plausibility. *Iqbal*, 556 U.S. at 678. Merely raising the specter of misconduct is insufficient. *Id.* at 679. The Court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Stanley Morgan Dean Witter*, 224 F.3d 496,498 (5th Cir. 2000). Speculative allegations are also not entitled to the presumption of veracity. *Id.* at 498. Allegations must factually allege more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 679.

Therefore, the Plaintiff's Petition should be dismissed initially because it does not meet the *Iqbal/Twombly* pleading standard.

3. "<u>Fact Based Merits</u>". Plaintiff's "Fact Based Merits" are more of the same speculative and conclusory assertions, as are the attachments referenced. Again, there is no assertion of "fact" as to McLennan County's DREs or elections using the same. These allegations fail to rise to the *Iqbal/Twombly* standard and should be dismissed for that in addition to other reasons set forth below.

4. Alleged Violations/Relief. The entirety of the remainder of the response simply ignores that the use and certification of DREs have been repeatedly upheld by the courts. Plaintiff essentially makes the same arguments that have already failed. *See* Authorities cited at pp. 3-5 of Defendants' Joint Motion to Dismiss [Doc. 4]. *See also Banfield v. Cortez*, 631 Pa. 229 (2015) (use of electronic voting systems not unconstitutional).

The Fifth Circuit and the Texas Supreme Court have both upheld the certification of DREs (including eSlate), and have found the use of the DREs not to be unconstitutional:

Constitutionality. *Andrade v. NAACP of Austin*, 354 S.W. 3d 1, 13-14 (Tex. 2011) (no Equal Protection violation); *Tex. Democratic Party v. Williams*, 285 Fed. Appx. 194, 195 (5th Cir. 2008), cert denied, 555 U.S. 1100 (2009) (affirming summary judgment for the Texas Secretary of State in case involving allegations that eSlate deprived voters of Equal Protection and Due Process).

Certification. *Texas Democratic Party v. Williams*, 2007 W.L. 9710211 (W.D. Tex. 2007), approved by *Texas Democratic Party v. Williams*, 285 Fed. Appx. 194 (5th Cir. 2008), *cert. denied* 555 U.S. 1100 (2009). "The unfortunate reality is that the possibility of electoral fraud [and undervotes] can never be completely eliminated, no matter what type of ballot is used. **However, it is the job of democratically-elected representatives to weigh the pros and cons of various balloting systems. So long as their choice is reasonable and neutral, it is free from judicial second-guessing.**" *Id.* at p. 5 (quoting *Weber v. Shelley*, 347 F. 3d 1101 (9th Cir. 2003). (emphasis added). **"Here, the Secretary of State of Texas made a reasonable and non-discriminatory choice to certify the eSlate voting machines for use in elections, and nothing in the Constitution forbids this choice."** *Id* at p. 5 (emphasis added). *See also Andrade*, 345 S.W. 3d at 14 ("The Secretary made a reasonable, nondiscriminatory choice to certify the eSlate…").

5. Both Declaratory and Injunctive Relief Require an Underlying Cause of Action. Nothing in Plaintiff's Response has changed the fact that she has failed to state a claim upon which relief may be granted. As set forth in the Defendants' Motion to Dismiss [Doc. 4] both declaratory and injunctive relief require an underlying cause of action. Because Plaintiff has failed to plead an underlying cause of action upon which relief may be granted her claims for declaratory and injunctive relief must be denied/dismissed.

6. Timing of Injunctive Relief. Even assuming arguendo that Plaintiff has stated a claim, the November 8, 2022 general election is approximately a month away. Issuance of an injunction at this time would throw election preparations into a state of panic and assuredly delay the election. In such circumstances an injunction should not issue. *See* Authorities cited at pp. 9-11 of the Defendants' Joint Motion to Dismiss [Doc 4].

Respectfully submitted,

**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Telecopier: (254) 776-6823

By: */s/ Michael W. Dixon*
MICHAEL W. DIXON
State Bar No. 05912100
Email: mdixon@haleyolson.com
HERBERT S. BRISTOW
State Bar No. 03020500
hbristow@haleyolson.com

***Attorneys for Defendants/Respondents***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's CM/ECF system and/or Rule 5 of the Federal Rules of Civil Procedure, on the 6th day of October 2022.

*/s/ Michael W. Dixon*________
MICHAEL W. DIXON