**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KIMBERLY WISEMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. W-22-CA-00945-ADA-DTG** |
| | § | |
| **JIM SMITH, PATRICIA MILLER, WILL JONES, BEN PERRY, JUDGE SCOTT FELTON, JARED GOLD-SMITH CERA** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**DENYING MOTION TO REMAND**

**TO: THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Remand to State Court. ECF No. 7. Defendants have responded to the Motion. ECF No. 8. After careful consideration, the Court finds that the Motion lacks merit and should be **DENIED**.

## I. BACKGROUND

On August 8, 2022, Plaintiff filed the instant case in state court seeking declaratory and injunctive relief that would bar the defendants from using electronic voting machines in future elections and prevent them from disposing of related election records. ECF No. 3-1. The original pleading offers several hundred pages of the various reasons why Plaintiff objects to the use of the electronic voting systems. *Id.* On September 13, 2022, Defendants removed the instant case.

In the Motion now before the Court, Plaintiff wishes to have her case remanded to the 74th Judicial District Court of McLennan County, Texas.

## II. DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction either because of diversity of citizenship or because of the existence of a federal question. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co*., 603 F.3d 290, 295 (5th Cir. 2010).

Plaintiff's Motion asserts that she "sought redress under Texas law only. [Plaintiff] need not, and did not, seek redress under any federal law. Pl.'s Mot. to Remand at 6 (ECF No. 7). While Plaintiff alleges violations of state law, her pleading is replete with allegations that Defendants have violated various federal laws. Plaintiff's Motion includes a Statement of the Case that specifically cites violations of the First, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendments of the U.S. Constitution. ECF No. 7 at 3. It also cites violations of 42 U.S.C. §§ 1985 and 1986, the Help America Vote Act of 2002, and 28 U.S.C. § 2201. *Id.* All of these are federal laws and as such, it is appropriate for the Court to exercise jurisdiction over the federal questions Plaintiff has raised. It is also appropriate for the Court to exercise supplemental jurisdiction over Plaintiff's state law allegations, pursuant to 28 U.S.C. § 1367.

## III. RECOMMENDATION

It is the recommendation of the undersigned that Plaintiff's Motion to Remand (ECF No. 7) be **DENIED**.

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED this 28th day of February 2025.**

**DEREK T. GILLILAND**
**UNITED STATES MAGISTRATE JUDGE**