**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **KIMBERLY WISEMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. W-22-CV-00945-ADA-DNM** |
| | § | |
| **JIM SMITH, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 4]**

**TO: THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE,**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636, FED. R. CIV. P. 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Dkt. No. 4. For the reasons that follow, the Court **RECOMMENDS** that the Motion be **GRANTED** and that judgment be entered for Defendants pursuant to Rule 12(c).

## I. BACKGROUND

Kimberly Wiseman is a voter registered in McLennan County who voted in the 2020 election and intends to vote in future elections. Dkt. No. 1 at 9. She sued McLennan County Judge Scott Felton; McLennan County Commissioners Jim Smith, Patricia Miller, Will Jones, and Ben Perry; and McLennan County Election Administrator Jared Goldsmith, alleging violations of her civil rights and various state and federal laws. Wiseman asserts that Defendants

knowingly administered elections with voting system equipment that was not properly certified, was unreliable, and was vulnerable to hacking and unauthorized access, all in violation of state and federal election laws. *Id*. at 44-46. She also seeks a declaratory judgment and injunction barring the use of computerized equipment in future elections. *Id*. at 15.

Wiseman originally filed this lawsuit in state court. Defendants removed it to federal court, and the Court previously denied Wiseman's motion to remand. Dkt. Nos. 16, 17. Defendants now seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Dkt. No. 4.

The petition alleges that "[c]omputerized voting systems leave an open door for votes to be changed, deleted, or fabricated in violation of constitutional requirements," and that "[e]xperts across the political spectrum have long sounded the alarm about the inherent insecurity and lack of transparency in computerized voting systems such as those used in Texas." Dkt. No. 1 at 12. It includes "expert witness" affidavits and sworn declarations filed in similar electronic voting machine lawsuits, which state, in relevant part that: the Election Assistance Commission ("EAC") failed to abide by federal election standards and has colluded with "foreign powers to manipulate the outcome of the 2020 election"; the electronic voting systems used in public elections nationwide were not properly certified by the EAC; electronic voting machines are vulnerable to cyber-attacks; there have been "multiple attempts to interfere with and undermine the election process through cyberspace"; and remote access operations and malware could be used to access "electronic election infrastructure" and change votes. *Id*. at 40-41, 43, 46, 97, 120-127. Also included are two unattributed documents that identify "issues related to the accreditation of election voting systems", as well as "foreign countries involved in election infrastructure, manipulation, and supply chain management." *Id*. at 44.

The petition generally alleges that Wiseman and all McLennan County citizens and registered voters who voted in 2020 and intend to vote in the upcoming elections "have a fundamental right to cast a ballot and vote in a legal and fair election" and "constitutionally protected interests in the benefits that come from the right to vote and not being subject to the illegal voting systems/equipment, software, and modifications"; that Defendants "knowingly approved voting system/equipment, software and modifications, which unlawfully deprives [them] of these and other constitutionally protected interests without due process of law"; and that they "were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering forced contracts with representatives through deceptive practices and fraudulent certifications." *Id*. at 59, 60.

Wiseman seeks relief under § 1983 for violations of procedural due process under the First, Fourteenth, and Fifteenth Amendments and article I, §§ 17, 19 of the Texas Constitution; violations of substantive due process under the Fourteenth Amendment, article I, § 3 of the Texas Constitution, and 18 U.S.C. § 245; deprivation of civil rights under article I, §§ 13, 19 of the Texas Constitution; and voting rights violations under the First and Fourteenth Amendments, article VI, § 2 of the Texas Constitution, 52 U.S.C. § 20511(2)(A)-(B) of the National Voter Registration Act, and 52 U.S.C. § 10101 of the Voting Rights Act, as well as relief under 42 U.S.C. § 1985 for conspiracy to violate civil rights. *Id*. at 56-62. Wiseman also asserts standalone claims for the deprivation of constitutional rights under article I, §§ 13, 19 of the Texas Constitution and for declaratory and injunctive relief under 28 U.S.C. § 2201 and Texas Civil Practice & Remedies Code §§ 37.003, 37.004(a)-(b). *Id*. at 59-63. She seeks a judgment declaring that Defendants' approval of electronic voting machines was unconstitutional and in violation of state and federal laws; a court order that vacates and removes all uncertified and

illegal voting systems, implements paper ballot voting and a hand-counting audit system, and requires the inspection of past ballots; and an injunction that prohibits the use of electronic voting machines in future elections and the destruction of election records. *Id*. at 63-65.

## II. APPLICABLE LAW

Defendants first seek judgment on the pleadings, arguing that Wiseman lacks standing. Dkt. No. 4 at 2. They claim Wiseman lacks standing because she asserts only generalized grievances rather than particularized injuries unique to her. *Id*. Standing is an essential element to a federal court's subject matter jurisdiction. *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023). If standing is lacking, the case must be dismissed.

### A. Legal Standard

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). A plaintiff survives a Rule 12(b)(6) motion to dismiss if the Court determines that the plaintiff has pleaded facts that, taken as true, are sufficient to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the context of a Rule 12(c) motion, whether a plaintiff has stated a plausible claim for relief is "a two-step inquiry." *Waller*, 922 F.3d at 599. First, courts must identify the complaint's well-pled factual allegations. *Id*. Well-pled facts are more than unadorned accusations, "labels and conclusions[,] . . .a formulaic recitation of the elements of a cause of action . . . ," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Indeed, well-pled facts are those that "raise the right to relief above the speculative level." *Id*. at 555. However, "conclusory allegations or legal conclusions masquerading as factual conclusions will

not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002).

Once the court identifies the complaint's well-pleaded factual allegations and discards bare conclusions and conclusory statements, it proceeds with the second part of the inquiry: determining whether the well-pled allegations, taken as true, meet the plausibility standard. *Waller*, 922 F.3d at 599. A claim meets this standard when the Court can reasonably infer from the well-pled facts that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This inquiry "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

**B. Standing**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Like other jurisdictional requirements, this requirement is "not subject to waiver," *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996), and the Supreme Court "insist[s] on strict compliance" with it, *Raines*, 521 U.S. at 819. "Even when standing is not raised by the parties, the Court must, where necessary, raise the issue sua sponte." *Reed v. Rawlings*, No. 3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct. 19, 2018) (citing *Collins v. Mnuchin*, 896 F.3d 640, 654 n.83 (5th Cir. 2018)); *see also Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 n.2 (5th Cir. 2018) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)). Courts also must assess a plaintiff's "standing to bring each of its claims against each defendant." *Coastal Habitat All. v.*

*Patterson*, 601 F. Supp. 2d 868, 877 (W.D. Tex. 2008) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001)), aff'd, 385 Fed. Appx. 358 (5th Cir. 2010).

To satisfy the prerequisites of Article III standing, "[the] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). These three elements—injury in fact, traceability, and redressability—form the core of Article III's case or controversy requirement. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements[, and when] a case is at the pleading stage, the plaintiff must 'clearly... allege facts demonstrating' each element." *Id*. (citations omitted); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998) ("The triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."). While "'at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice' to establish standing," *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560), "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing," *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). "[I]f the plaintiff does not carry his burden clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute, then dismissal for lack of standing is appropriate." *Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Injury in fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo*, 578 U.S. at 338 (citing *Steel Co*., 523 U.S. at 103). "To establish injury in fact, a plaintiff must show that

he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 339 (quoting *Lujan*, 504 U.S. at 560) (quotations omitted). A "particularized" injury "affect[s] the plaintiff in a personal and individual way." *Id*. at 340. A "concrete" injury actually exists, which means it is real and not abstract. *Id*. (citing Black's Law Dictionary 479 (9th ed. 2009)).

## III. ANALYSIS

Defendants contend that Wiseman has not established standing because she alleges only generalized grievances, rather than concrete and particularized injuries distinct from the public at large. Dkt. No. 4 at 2. The Supreme Court has held that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74; *see also Pederson v. Louisiana State Univ*., 213 F.3d 858, 869 (5th Cir. 2000) ("A generalized grievance is a harm shared in substantially equal measure by all or a large class of citizens.") (citation omitted). In voting rights cases, plaintiffs must assert "a plain, direct and adequate interest in maintaining the effectiveness of their votes," and "not merely a claim of the right possessed by every citizen to require that the government be administered according to law" to establish standing to sue. *Baker v. Carr*, 369 U.S. 186, 208 (1962) (citations and internal quotations omitted).

The Fifth Circuit held that a claim "that drive-thru voting hurt the 'integrity' of the election was far too generalized to warrant standing." *Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (quoting *Lance v. Coffman*, 549 U.S. 437, 441-42 (2007) (per curiam)). In that case, a voter and three candidates in the 2020 election sought a preliminary injunction to enjoin

drive-thru voting in Harris County for future elections, contending that it violated the Equal Protection Clause and the Elections Clause of the United States Constitution. The district court found that the plaintiffs' "lack of a particularized grievance is fatal to their claim under the Equal Protection Clause" because their "general claim that Harris County's election is being administered differently than Texas's other counties does not rise to the level of the sort of particularized injury that the Supreme Court has required for constitutional standing in elections cases." *Hotze v. Hollins*, No. 4:20-CV-03709, 2020 WL 6437668, at *1 (S.D. Tex. Nov. 2, 2020), aff'd in part and vacated in part, 16 F.4th 1211 (citations omitted). It also held that the irreparable harm alleged by the plaintiffs, i.e., that "the Texas Election Code has been violated and that violation compromises the integrity of the voting process ... is a quintessential generalized grievance: the harm is to every citizen's interest in proper application of the law." *Id*. at *2 (citations omitted). Concluding that the plaintiffs ultimately failed to show they had "any specialized grievance beyond an interest in the integrity of the election process, which is 'common to all members of the public'", it denied their motion for preliminary injunction. *Id*. (quoting *United States v. Richardson*, 418 U.S. 166, 176-77 (1974)). The Fifth Circuit agreed, affirming the denial of injunctive relief and dismissal of plaintiffs' claims. *Hotze*, 16 F.4th at 1124 (citing *Lance*, 549 U.S. at 441-42).

Like the *Hotze* plaintiffs, Wiseman does not assert any grievance other than a generalized complaint regarding a putative lack of integrity in an election process using electronic voting machines. That process, and similar equipment, has been previously upheld by various courts. *See Tex. Democratic Party v Williams*, 285 Fed. Appx. 194 (5th Cir. 2008) (affirming summary judgment in a case involving the use of electronic voting machines); *Wexler v Anderson*, 452 F.3d 1226 (11th Cir. 2006); *Weber v Shelly*, 347 F.3d 1101 (9th Cir. 2003). Claimed issues

regarding the alleged use of uncertified or improperly certified electronic voting machines allege injuries widely shared with every McLennan County voter, just like the complaints in *Hotze* raised concerns applicable to all Harris County voters. This is not sufficient to confer standing. *See Hollingsworth v. Perry*, 570 U.S. 693, 694 (2013).

Simply put, standing may not be based on an interest held by the public at large. *Lance*, 549 U.S. at 441. Accordingly, Wiseman had to identify an injury that was distinct to her rather than complaining only that a law has not been followed. *See Hotze*, 16 F.4th at 1124. She does not complain that her vote was not properly counted or that her vote will be treated differently from others. She only complains that all voters who vote run the risk of not having their votes properly counted. That is not a unique, distinct, or specific injury to Wiseman.

## IV. INJUNCTION

Although Wiseman titles the sixth count of her complaint as one for declaratory judgment, the substance of that count indicates that she seeks an injunction prohibiting the use of electronic voting systems in future elections. Dkt. No. 1 at 62-63. She begins by describing alleged harms that will occur if electronic voting systems are used and then requests an order enjoining the use of such systems. *Id*. Wiseman, however, has not sued the State of Texas nor has she sued any state officials. She has sued only McLennan County officials. The relief requested in her Prayer does request an order restraining the Defendants from using electronic voting systems and certifying any results from elections using electronic voting systems. *Id*. at 63-64. She cannot, however, establish a likelihood of success on the merits of any of her claims, and any request for injunctive relief should be denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*,

555 U.S. 7, 24 (2008); *see also Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). To obtain a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) [that] the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) [that] granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (citation and quotation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). A preliminary injunction is not warranted if the movant fails to carry the "heavy burden" to show each of the four prerequisites. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Again, Wiseman has not sued the State of Texas, so she cannot obtain an injunction against the State of Texas. Moreover and as discussed, Wiseman either lacks Article III standing or fails to state a claim upon which relief may be granted against Defendants, so her claims are subject to dismissal for a lack of subject matter jurisdiction. Accordingly, any request for injunctive relief should be denied.

Finally, Wiseman's injunction should be denied, in part, because it is moot. Multiple elections have taken place and been certified since the Rule 12(c) motion was filed. Therefore, the "issues presented are no longer 'live.'" *La. Env't Action Network v. EPA*, 382 F.3d 575, 581 (5th Cir. 2004) (quotation omitted).

## V. RECOMMENDATION

As noted, Wiseman lacks standing. She asserts nothing more than generalized grievances rather than any specific injury to her. Consequently, Wiseman fails to satisfy the Article III

standing requirements. Moreover, the requested injunction suffers from similar defects, the failure to include the proper parties, and is moot. Accordingly, the Court **RECOMMENDS** that Defendants' Rule 12(c) Motion (Dkt. No. 4) be **GRANTED** and that judgment be entered for Defendants.

## OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 29th day of July, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE